UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>    v.<br><br>2022 Mercedes Cargo Van, VIN #: W1YV0CEY8N4134062, bearing New York registration 84599NC.<br><br>                Defendant. | Civil Action No.: 5:24-cv-1560 (GTS/MJK) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, by its attorneys, Carla B. Freedman, United States Attorney for the Northern District of New York, and Elizabeth A. Conger, Assistant United States Attorney, brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "Defendant Vehicle") and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

**THE PARTIES**

1. The Plaintiff is the United States of America.

2. The Defendant Vehicle is more particularly described, as follows:

    a. a 2022 Mercedes Cargo Van, VIN #: W1YV0CEY8N4134062, bearing New York registration 84599NC.

**BASIS FOR FORFEITURE**

3. This action *in rem* is brought pursuant to Title 49, United States Code, Section 80303 as property involved in violation of Title 18, United States Code, Section 2342 (trafficking

1

in contraband cigarettes), and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G").

4. Title 49, United States Code, Section 80303 provides, as follows:

> The Secretary of the Treasury or the Governor of Guam or of the Northern Mariana Islands as provided in section 80304 of this title, or, when the violation of this chapter involves contraband described in paragraph (2) or (5) of section 80302(a), the Attorney General or a person authorized by another law to enforce section 80302 of this title, shall seize an aircraft, vehicle, or vessel involved in a violation of section 80302 and place it in the custody of a person designated by the Secretary, the Attorney General, or appropriate Governor, as the case may be. The seized aircraft, vehicle, or vessel shall be forfeited, except when the owner establishes that a person except the owner committed the violation when the aircraft, vehicle, or vessel was in the possession of a person who got possession by violating a criminal law of the United States or a State

49 U.S.C.S. § 80303.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355.

6. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345.

7. Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

8. This Court has *in rem* jurisdiction over the Defendant Vehicle and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in . . . the district court for the district in

which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

## FACTS

9. This civil forfeiture matter arose in connection with U.S. Customs and Border Protection ("CBP") investigation into the smuggling of untaxed cigarettes into the United States through the Akwesasne Territory.

10. On August 6, 2024, at approximately 6:09 a.m., a Supervisory Border Patrol Agent with the U.S. Border Patrol Wellesley Island Station Anti-Smuggling Unit was notified that the Defendant Vehicle was travelling southbound on New York State Route 11. The Defendant Vehicle was observed travelling away from the Akwesasne Territory Mohawk Reservation.

11. The Akwesasne Territory is located on the border of the United States and Canada, and extends into both countries.

12. Prior to the stop of the vehicle, Border Patrol had noted the Defendant Vehicle, a cargo van, as it left the border area at an unusually early time, and took a route commonly utilized by smugglers to effectuate the smuggling of untaxed cigarettes from Canada into the United States through the Akwesasne Territory in order to transport the cigarettes further south in the United States. This route utilizes common egress routes at New York State Routes 11 and 37 and Interstate 81.

13. At approximately 7 a.m., the Supervisory Border Patrol Agent, driving alone in a marked Border Patrol vehicle, observed the Defendant Vehicle as it entered Interstate 81 southbound from Interstate 781 in Evans Mills, New York.

14. A second Border Patrol Agent followed in an unmarked car, and a Jefferson County Sheriff also traveled with the two Border Patrol Agents, following behind in a marked vehicle.

15. The Defendant Vehicle passed the Border Patrol vehicle and was observed exiting Interstate 81 on Bradley Street in Watertown, New York.

16. The Defendant Vehicle entered the Love's Travel Plaza and parked. The driver exited the Defendant Vehicle and entered the McDonald's located at the plaza.

17. The Supervisory Border Patrol Agent followed the driver into the McDonald's.

18. The Jefferson County Sheriff continued on without pulling into the plaza, but later returned to the scene as backup.

19. The Supervisory Border Patrol Agent, wearing plain clothes with a Border Patrol vest and badge and carrying a firearm on his hip, approached the driver and introduced himself as a Border Patrol Agent.

20. The driver confirmed that the Defendant Vehicle was his, and agreed to speak with the Supervisory Border Patrol Agent outside.

21. The second Border Patrol Agent, who was also wearing plain clothes with a Border Patrol issued vest and badge, and carrying a firearm on his hip, was waiting outside.

22. When asked his name and where he was coming from, the driver of the Defendant Vehicle stated, "Chad Hart and I'm coming from Akwesasne."

23. Chad Hart appeared calm, but nervous. He awkwardly shifted his weight as he stood, avoided eye contact, and was slow to answer questions.

24. When asked what he was hauling the back of the Defendant Vehicle, Chad Hart stated "cigarettes." When asked how many he was hauling, he stated "I think like 30 boxes."

25. When asked if the cigarettes has a tax stamp, Hart stated "I'm not sure."

26. When the Second Border Patrol Agent asked Hart for his consent to the search the back of the Defendant Vehicle, he stated "yeah sure."

27. The Second Border Patrol Agent opened the rear doors of the Defendant Vehicle and observed several brown boxes.

28. When the Second Border Patrol Agent asked if he could open the boxes to look at what was inside, Hart replied "yeah go ahead."

29. Both Border Agents looked inside the boxes and observed individually wrapped plastic zip lock bags containing loose cigarettes. The packing was consistent with the way in which untaxed cigarettes were packaged.

30. Chad Hart was placed under arrest for violating Title 18, United States Code, Section 2342, which prohibits the knowing shipment, transport, receipt, possession, sale, distribution, or purchase of contraband cigarettes.

31. The Defendant Vehicle was towed to the U.S. Border Patrol Wellesley Island Station.

32. At the Wellesley Island Station, Chad Hart was read his Miranda rights. Hart acknowledged his rights by signing form I-214 "Notice of Rights," but declined to answer questions without an attorney present.

33. The Defendant Vehicle was registered to Fabian Hart.

34. In total, 513,635 untaxed cigarettes were recovered from the Defendant Vehicle. These untaxed cigarettes were administratively forfeited by CBP.

35. The CBP domestic appraised value of these cigarettes, including the applicable federal and NYS taxes, is $169,255.39.

36. CBP identified the value of each individual cigarette as $0.01 per cigarette.[1]

---

[1] At $0.01 per cigarette, the value of the 513,635 untaxed cigarettes is approximately $5,136.35. Thus, the lost value of the tax revenue here, minus the value of the cigarettes, is approximately $164,119.04.

5

37. Earlier in the year, Border Patrol had a prior encounter with Fabian Hart connected to the smuggling of contraband cigarettes.

38. The incident occurred on April 14, 2024, when a Jefferson County Sheriff's Deputy conducted a vehicle and traffic stop of a 2023 Mercedes Cargo Van for crossing the fog line on Highway 411.

39. The 2023 Mercedes Cargo Van was driving away from the Akwesasne Territory, and was stopped approximately one mile east of Interstate 81 in Theresa, New York.

40. Border Patrol was present at the stop.

41. The driver of the 2023 Mercedes Cargo Van, Justin Thomas Dejung, stated that the van was empty and that he was going to pick up car parts.

42. After a Border Patrol K9 alerted to the rear of the van, the vehicle was searched, and several brown boxes were located.

43. The boxes were opened, revealing clear plastic packages of loose cigarettes, in bulk, with no stamped tax documentation.

44. Over one million untaxed cigarettes were recovered from the van.

45. Fabian Hart was the registered owner of the van, which was eventually returned to him.

46. On May 13, 2024, at approximately 5:28 p.m., a vehicle driven by Fabian Hart, with his son Brett Hart as a passenger, arrived at the Massena, New York Port of Entry. Both presented their Canadian Secure Certificates of Indian Status.

47. Fabian and Brett Hart were then escorted to secondary inspection.

48. Prior to a vehicle inspection, they were asked whether there were any needles, knives, or weapons in the vehicle, to which they responded in the negative.

49. The CBP Officer conducting the stop asked if there was any currency over $10,000 in the vehicle, and Fabian Hart advised that he was in possession of over $10,000.

50. A search of the vehicle revealed several bundles of Canadian currency—totaling $43,645 CAD ($32,141.53 USD conversion)—in a white paper bag located in the compartment under the center console.

51. A Homeland Security Investigations ("HSI") Agent arrived at the Port of Entry at approximately 7:10 p.m. and interviewed Fabian Hart.

52. Fabian Hart stated that the currency was payment for tobacco products that they had just delivered in Canada from the United States.

53. CBP seized the currency as proceeds of contraband cigarette smuggling, and it was administratively forfeited by the agency on June 24, 2024.

## CONCLUSION

54. The facts set forth above support a reasonable belief, as required by Supplemental Rule G(2)(f), that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Vehicle to file and serve a Verified Claim and Answer as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G(5)(a) and (b);

(3) Enter judgment declaring the Defendant Vehicle be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: December 17, 2024

Respectfully submitted,

CARLA FREEDMAN
United States Attorney

By: */s/ Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

## VERIFICATION

STATE OF NEW YORK              )
                               ) ss:
COUNTY OF JEFFERSON            )

Gerard Spinner, being duly sworn, deposes and states:

I am a Supervisory Border Patrol Agent with the United States Customs and Border Protection. I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 19 day of December, 2024.

*[signature]*
Gerard Spinner
Supervisory Border Patrol Agent
United States Customs and Border Protection

Sworn to and subscribed before me this 19 day of December, 2024.

*[signature]* Christine N. Caird
Notary Public

CHRISTINE N. CAIRD
Notary Public, State of New York
Reg. No. 01CA6076041
Qualified in Jefferson County
Commission Expires June 17, 2026

9